UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL MICHAEL JOHNSON,

                Plaintiff,

-against-

POLICE OFFICER JOSEPH TUDISCO, POLICE OFFICER MATTHEW DICEMBRI, SGT. ANTHONY VICARETTI,

                Defendant.

17-cv-8621 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Carl Johnson, proceeding *pro se*, commenced this action on November 7, 2017 against Defendants Joseph Tudisco, Matthew Dicembri, and Anthony Vicaretti in their official and individual capacities, alleging violations of 42 U.S.C. § 1983 and New York common law. Presently before this Court is a motion to dismiss Plaintiff's first amended complaint ("Amended Complaint," ECF No. 20) pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted ("Defs.' Mot. to Dismiss," ECF No. 27). For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

    The following facts are derived from the Amended Complaint and the documents incorporated by reference or appended thereto and are assumed to be true for the purposes of this motion.

    On June 15, 2017, Plaintiff was at his home when Defendants Tudisco and Dicembri questioned him about "a situation." (Am. Compl. p. 3.) Defendants proceeded to question

Plaintiff's daughter without his consent and then arrested Plaintiff. (*Id.*) Upon arriving at the police station, Plaintiff was thrown on the ground. (*Id.*) Plaintiff requested, on two occasions on June 15, 2017, to see an EMT. (*Id.*) It appears that he was treated by an EMT for a laceration on his head on that day, June 15. (*Id.*)

At an unspecified date, Plaintiff then appeared before a judge and was granted permission to speak, but was "grabbed, pulled, and yanked" out of the courtroom by Defendant Tudisco before he finished speaking to the judge. (*Id.*) From this incident, Plaintiff sustained two abrasions to his wrist. (*Id.*) In allegedly perjured testimony, Defendant Tudisco stated that Plaintiff was resisting his attempts to help him walk out of the courtroom and that Plaintiff pushed into him. (*Id.* pp. 8 – 9.)

After the arrest on June 15, 2017 and the court appearance described above, it appears that Plaintiff was charged with five misdemeanors from his initial arrest which were dismissed. (*Id.* p. 4 – 5.) Plaintiff was then charged with civil contempt and assault, which were also dismissed. (*Id.* p. 5.) The most recent date Plaintiff was in court, according to the Amended Complaint, was July 13, 2017.[1] (*Id.* p. 4.) Under a liberal interpretation of Plaintiff's Amended Complaint, Plaintiff claims that Defendants' actions violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and amounted to common law false arrest, malicious arrest, and malicious prosecution. (*Id.*)

---

[1] Plaintiff later refers to his "only 2 court dates" as June 15, 2017 and July 13, 2017. (Am. Compl. p. 6.)

**LEGAL STANDARDS**

**I.      Motion to Dismiss**

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A court also need not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where a plaintiff proceeds *pro se*, the court must construe the complaint liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Sykes v. Bank of*

*America*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## II. 42 U.S.C. § 1983 Claims

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.").

## DISCUSSION

### I. **Federal Claims**

Defendants argue that Plaintiff failed to state federal claims against them because Plaintiff did not connect his § 1983 claim to a violation of any federal right and, alternatively, because those claims are barred by *Heck v. Humphrey*.

4

A. *Failure to state a § 1983 claim*

Defendants are correct that Plaintiff did not make a concise statement that his § 1983 claims are for violations of specific federal law provisions. However, it is clear from the context of his Amended Complaint that he seeks to vindicate his Fourth, Fifth, Eighth, and Fourteenth Amendment rights through § 1983. (Am. Compl. p. 4.) Construing Plaintiff's Amended Complaint liberally, Plaintiff properly brought a § 1983 action based on alleged violations of his rights under those specific amendments to the United States Constitution.

B. *Federal claims barred under* Heck

Essentially, *Heck* precludes the use of Section 1983 for legal suits seeking damages that have the effect of challenging an existing state or federal criminal conviction or duration of incarceration. In *Heck*, the Supreme Court determined that to recover damages under § 1983 for an alleged unconstitutional conviction or imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus, 28 USC § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486 – 87 (1994). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 490. As the Court reiterated in *Wallace v. Kato*, *Heck* delays the accrual of a cause of action until the setting aside of an *extant* conviction. 549 U.S. 384, 393 (2007) (emphasis added).

In the instant action, Plaintiff alleges constitutional violations amounting to malicious prosecution, denial of due process, and false arrest. Plaintiff also claims that his Eighth Amendment rights were violated, but that claim cannot be dismissed pursuant to *Heck* because it is unrelated to the validity of any conviction and would not imply the invalidity of any

5

imprisonment. *See Favors v. Hoover*, No.13-CV-428(JRT/LIB), 2014 WL 4954682, at *10 (D. Minn. May 13, 2014) (stating that claims that "do not imply the invalidity of [the plaintiff]'s . . . imprisonment" were not barred by *Heck*). Most relevant here, Plaintiff claims that Defendants (1) arrested him in violation of the Fourth Amendment; (2) deprived him of the opportunity to speak before a judge; and (3) provided false testimony about the hearing before the judge and that these actions resulted in the criminal charges. However, Plaintiff does not plead that he was convicted of the charged conduct, only that the charges against Plaintiff arising from Defendants' alleged actions were dismissed. Because there is no underlying conviction or sentence to be invalidated, *Heck* does not apply. *See Wiggins v. Metro. Gov't of Nashville*, No. 16-CV-5519, 2017 WL 4863166, at *3 (6th Cir. May 8, 2017); *Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016) ("[A] section 1983 action for damages must be dismissed unless there was no conviction or sentence or 'the plaintiff can demonstrate that [a] conviction or sentence has already been invalidated.' " (citation omitted)); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013); *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 756 (11th Cir. 2013); *Butler v. Compton*, 482 F.3d 1277, 1280–81 (10th Cir. 2007); *Miller v. Riser*, 84 F. App'x 417, 419 (5th Cir. 2003).

    C.    *Arrest without probable cause claim*

"[T]he warrantless arrest of a person is a species of seizure required by the [Fourth] Amendment to be reasonable." *Payton v. New York,* 445 U.S. 573, 585 (1980). The Fourth Amendment permits warrantless arrests when "the arresting officer has probable cause to believe a crime has been or is being committed" *United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008). In assessing a warrantless arrest, the Court considers "totality of the circumstances, from the perspective of a reasonable police officer in light of his training and experience, based on the facts known to the arresting officer at the time of the arrest." *Burgess v. DeJoseph*, 725 F. App'x 36, 39 (2d Cir. 2018) (internal citations and quotation marks omitted). Probable cause to arrest

exists when the officer has knowledge or reasonably trustworthy information of facts and circumstances that would be sufficient to warrant a person of reasonable caution to believe that the individual being arrested committed a crime. *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).

Plaintiff's Amended Complaint does not state a plausible claim for arrest in violation of the Constitution. Plaintiff does not allege that Defendants did not have a warrant or otherwise have probable cause to arrest Plaintiff. Even after a liberal interpretation of the Amended Complaint and interpreting it to raise the strongest argument it suggests, this Court cannot conclude that Defendants arrested Plaintiff without probable cause because Plaintiff does not state sufficient facts to support a plausible claim. Plaintiff provides scant facts surrounding his arrest. He states that that Defendants came to Plaintiff's door to ask him about an unspecified situation, Plaintiff showed Defendants his car, and Defendants questioned his daughter. (Am. Compl. p. 3.) This brief recital of vague circumstances surrounding Plaintiff's arrest, without even an allegation that Defendants did not have probable cause, is insufficient for the Court to infer that there was no probable cause for the arrest, even under a liberal interpretation. There is nothing in the Amended Complaint to support a plausible claim for unconstitutional arrest. Although the Court must, and does, afford some latitude to *pro se* plaintiffs, those plaintiffs are still required to comply with the Federal Rules of Civil Procedure, and the Court must dismiss a *pro se* plaintiff's claim if it is not plausible on its face. Because Plaintiff only supports his false arrest claim with conclusory allegations, that claim is not plausible on its face and is dismissed.

D. *Due process claims*

First, Plaintiff alleges that Defendants violated his procedural due process rights when Defendant Tudisco removed him from the courtroom without any order from the judge. (Am. Compl. p. 3.)

Courts engage in a two-step analysis when resolving procedural due process claims. To state a plausible due process claim, a plaintiff must show "(1) the existence of a property or liberty interest that was deprived; and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). Here, Plaintiff's Amended Complaint fails to assert a plausible claim that his removal from the courtroom deprived him of any protected interest. He does not allege that he was not given a hearing or that he was otherwise wrongfully incarcerated after the hearing. Plaintiff only claims that he was removed from the courtroom before he was finished speaking without an order from the judge and that the charges against him were dismissed; he provides no further detail from which the Court could reasonably infer that he was deprived of a protected interest without due process. From the facts in the Amended Complaint, the Court cannot even determine when or whether Plaintiff was imprisoned in connection with the charges. The conclusory allegations in the Amended Complaint are insufficient to support a facially plausible due process claim.[2]

Second, Plaintiff claims that Defendants subjected him to malicious prosecution when they attempted to "coerce statements" from his daughter and when they provided false testimony about the incident during which Plaintiff was removed from the courtroom.

---

[2] Plaintiff refers to the fact that he was never arraigned and states that he has "not been back to local court for 5 misdemeanors from the initial arrest." However, those five misdemeanors were dismissed. (Am. Compl. p. 5.) There are insufficient facts in the Amended Complaint surrounding the arraignment, court appearances, and dismissals to support any plausible claim for relief.

A malicious prosecution claim pursuant to § 1983 is largely indistinguishable from a state law claim. In New York, a claim for malicious prosecution lies if plaintiff demonstrates four elements: (1) "the defendant initiated a criminal proceeding"; (2) the proceeding was terminated in plaintiff's favor; (3) "there was no probable cause for the criminal charge"; and (4) defendant acted maliciously. *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004). A federal claim for malicious prosecution must also "show a violation of his rights under the Fourth Amendment." *See Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997). Plaintiff's Amended Complaint does not state a facially plausible malicious prosecution claim. He states that Defendants initiated a criminal proceeding against him and that the charges were ultimately dismissed. However, he provides no details surrounding the circumstances of the dismissal; it is unclear whether the dismissal was in Plaintiff's favor. Criminal proceedings are terminated in favor of the accused "only when their final disposition is such as to indicate the accused is not guilty." *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980). If the charges had been dismissed in the interests of justice, for example, the Second Circuit has determined that such a dismissal is not a favorable termination for a plaintiff attempting to bring a malicious prosecution claim. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Plaintiff's allegations surrounding the dismissal of the criminal charges against him are conclusory and are insufficient to plausibly show that the criminal proceeding terminated in Plaintiff's favor.[3] Thus, the malicious prosecution claim must be dismissed due to Plaintiff's failure to plausibly support each element required for a claim upon which relief may be granted.

---

[3] Plaintiff alleges in a conclusory manner, without factual support, that Defendants engaged in a policy of investigating and detaining individuals for discriminatory reasons. (*See* Am. Compl. p. 11.) To the extent that this threadbare allegation was intended as part of Plaintiff's malicious prosecution claim against Defendants, that claim would fail for the reasons expressed in this Opinion.

E.  *Inadequate medical care claim*

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. A claim for inadequate medical care is born out of the Eighth Amendment's protection against cruel and unusual punishment. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). To be entitled to relief for inadequate medical care, a plaintiff must plead and prove "deliberate indifference to his serious medical needs." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("*Hathaway II*") (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (alterations omitted).

Deliberate indifference is a dual-pronged analysis requiring proof of both an objective and subjective prong. *Hathaway II*, 37 F.3d at 66. The objective prong mandates the deprivation be, "in objective terms, sufficiently serious." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotations omitted). To satisfy the subjective prong, the official must act with "a sufficiently culpable state of mind," *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991), in that the official "must know of and disregard an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Negligence or medical malpractice do not "rise to the level of a constitutional violation unless the malpractice involves culpable recklessness." *Hill*, 657 F.3d at 123 (citing *Chance*, 143 F.3d at 703) (internal quotations and alterations omitted).

The Amended Complaint contains few facts to support a claim for inadequate medical care in violation of the Eighth Amendment, and those facts are insufficient to support a plausible claim for relief. On the day Plaintiff was arrested, June 15, 2017, he had a laceration on his head. (Am. Compl. p. 3.) The police provided him with gauze, and he was seen twice by an

10

EMT. (*Id.*) Four or five days later, after Plaintiff was imprisoned, he saw a nurse and received x-rays relating to the same injury. (*Id.*)

Based on the face of his Amended Complaint, Plaintiff does not appear to allege he was actually deprived of medical treatment. Rather, he states that he was provided assistance by the police, seen two times by an EMT, and provided with care at the prison. To the extent that Plaintiff claims that he was not provided with a sufficient level of care in a timely manner, this claim still fails to support a plausible claim for relief. Plaintiff pleads no facts to indicate that the alleged deficiency in the care he received was, objectively, sufficiently serious or posed any risk of harm. *See Christian v. Saunders*, No. 17-CV-2587(GBD)(BCM), 2018 WL 3300695, at *6 (S.D.N.Y. Feb. 28, 2018) (noting that where the risk of harm caused by delay in adequate medical treatment is not substantial, there is no Eighth Amendment violation). He also failed to plead that Defendants knew of and disregarded a substantial risk of harm to Plaintiff. Because Plaintiff did not state a facially plausible claim that he received inadequate medical care under the Eighth Amendment Plaintiff's § 1983 claims are dismissed.[4]

III. **State Law Claims**

According to Defendants, Plaintiff's state law claims must be dismissed because he has failed to plead compliance with the New York General Municipal Law § 50. This Court agrees.

State law claims brought in federal court are subject to state procedural rules, which here are those of New York. *Felder v. Casey*, 487 U.S. 131, 152 (1988) ("[F]ederal courts are constitutionally obligated to apply state law to state claims."). Section 50-e of the New York General Municipal Law requires that a plaintiff file a notice of claim within ninety days of the

---

[4] While Plaintiff alludes to sustaining abrasions on his wrists during the court proceeding in which he requested to speak, there are not sufficient facts in Plaintiff's Amended Complaint from which to infer excessive force.

11

incident giving rise to the claim. N.Y. Gen. Mun. Law § 50-e. To state a claim upon which relief can be granted, a plaintiff's complaint must show that (1) the notice of claim was served; (2) at least thirty days have passed since the notice of claim was filed and before the complaint was filed; and (3) the defendant has not adjusted or satisfied the claim in that time. *See Canzoneri v. Village of Rockville Centre*, 986 F. Supp. 2d 195, 206 (E.D.N.Y. 2013). Plaintiff's Amended Complaint contains no facts to suggest that Plaintiff completed a notice of his state law claims as required by the statute. Although the Court must construe the *pro se* Plaintiff's Amended Complaint liberally, the Court cannot exempt Plaintiff from notice of claim requirement under New York law. *See Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)); *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009) ("Pro se status, however, 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' "(quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). Accordingly, Plaintiff's state law claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[5]

---

[5] Defendants raise other grounds to dismiss Plaintiff's Amended Complaint, including lack of personal involvement and immunity, but the Court will not address those arguments as the Amended Complaint is already dismissed for failure to state a claim upon which relief can be granted.

# CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Complaint is GRANTED in its entirety with leave to replead. To state a claim upon which relief can be granted, a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. Plaintiff shall have until January 28, 2019 to file a Second Amended Complaint. Defendants are directed to file an answer to the Second Amended Complaint, if any, within thirty days of the date the Second Amended Complaint is filed. The Court respectfully directs the Clerk of the Court to mail a copy of this opinion to Plaintiff at Plaintiff's address on the docket and to show proof of service on the docket. The Clerk of the Court is also respectfully requested to terminate the motion at ECF No. 27.


Dated: December 12, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge